# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1940

_____

Sarah B. Ricketts,

    Plaintiff - Appellant,

v.

Michael J. Astrue, Commissioner of
Social Security,

    Defendant - Appellee.

*
*
*
*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted:  January 13, 2010
Filed:  February 17, 2011

_____

Before LOKEN,* Chief Judge, JOHN R. GIBSON** and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Sarah Ricketts filed an application for Social Security disability insurance benefits, alleging a disability onset date of May 2, 2004.  After the application was

_____

*The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010.  He has been succeeded by the Honorable William Jay Riley.

**The Honorable John R. Gibson retired January 26, 2011.  This opinion is consistent with his vote at the panel's conference following oral argument on January 13, 2010.

denied initially and on reconsideration, the Commissioner's administrative law judge (ALJ) held a hearing in August 2007 at which Ms. Ricketts, her husband, a consulting medical expert, and a vocational expert testified. The ALJ denied the application in a thorough opinion, the Commissioner's Appeals Council denied review, and Ms. Ricketts commenced this action seeking judicial review of the Commissioner's adverse final decision. See 42 U.S.C. § 405(g). The district court[1] concluded in a careful opinion that substantial evidence on the administrative record as a whole supports the ALJ's findings and conclusions and affirmed. Ms. Ricketts appeals.

The ALJ found that Ms. Ricketts suffers from impairments that are severe in combination but do not meet the criteria of listed impairments -- fibromyalgia; cervical spondylosis (arthritis) with no neurological impingement; and major depressive disorder. The hearing record included Physical Residual Functional Capacity Questionnaires completed in October 2005 and again in July 2007 by Dr. Herbert Dempsey, Ms. Ricketts's long-time treating physician, and by Dr. Mark Box, a rheumatologist who began treating her for fibromyalgia in March 2004. Each Questionnaire noted functional limitations caused by severe pain that the vocational expert opined would be disabling.

Dr. Robert Karsh, a board-certified teacher of rheumatology at Washington University appearing at the hearing as a medical expert, testified that Ms. Ricketts's medical records relating to her physical impairments supported a finding that her cervical spondylosis causes some pain in her neck and arms and imposes some limitations on her ability to reach overhead, push and pull, lift, and look upwards. However, Dr. Karsh testified that the objective medical evidence did not support the severe disabling pain reported by the treating physicians. Dr. Karsh opined that fibromyalgia is a diagnosis based entirely on the patient's subjective complaints of

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

-2-

pain.[2]  As Dr. Karsh had not examined Ms. Ricketts, he left the ALJ "with deciding whether this condition called fibromyalgia, for which there are no findings, is disabling in this case."  Regarding the treating physician Questionnaires reporting disabling functional limitations, he opined that "she could do much more" unless the fibromyalgia pain is disabling.

After reviewing this evidence at length, including the ongoing treatment notes of Dr. Dempsey and Dr. Box, the ALJ discounted the treating physicians' residual functional capacity assessments because they "are based heavily on claimant's subjective complaints and not on the objective findings."  The ALJ then reviewed the mental health records and found that Ms. Ricketts "is not significantly limited from a mental standpoint," noting that "her primary stressor is . . . financial and at times marital."  Finally, the ALJ carefully reviewed Ms. Ricketts's work history, her focus on "looking toward disability," and her daily activities and found that her testimony and the supporting testimony of her husband regarding her limitations "are not totally credible."  The ALJ found that Ms. Ricketts retains the residual functional capacity to perform her past relevant sedentary work and concluded she is not disabled.

On appeal, Ms. Ricketts raises the same issues vigorously argued to the district court, whether the ALJ erred by failing to give controlling weight or at least substantial deference to the treating physicians' opinions as to her physical and mental impairments and limitations; by giving too much weight to the testimony of Dr. Karsh, a non-treating physician who did not examine Ms. Ricketts; and by improperly evaluating Ms. Ricketts's credibility and subjective complaints of disabling pain.  The district court carefully reviewed these issues and, correctly noting that a reviewing court may not reverse merely because substantial evidence would also support a contrary result, concluded that substantial evidence supports the ALJ's decision.  See

---

[2]For comparable judicial summaries of this mysterious ailment, see Brosnahan v. Barnhart, 336 F.3d 671, 672 n.1 (8th Cir. 2003); Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir. 1996).

<u>Pierce v. Apfel</u>, 173 F.3d 704, 706 (8th Cir. 1999). After careful review of the entire administrative record, we affirm for the reasons stated in the district court's Order dated March 3, 2009. <u>See</u> 8th Cir. Rule 47B. We deny the motion to supplement the administrative record.

_____